No. 46,633

HURLEN GLEN HAYES, *Appellant* v. STATE OF KANSAS, *Appellee.*

(499 P. 2d 515)

Opinion filed July 19, 1972.

*Tom Boone,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, and *R. B. Miller, III,* Special Prosecutor, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order of the district court summarily denying relief on petitioner's motion under K. S. A. 60-1507.

On November 15, 1965, a complaint was filed in the city court of Leavenworth County charging petitioner with the offense of second degree forgery in violation of K. S. A. 21-609 (now 1971 Supp. 21-3710, 21-3711). At that time, and during all of the proceedings herein, petitioner was confined in the Kansas State Penitentiary under sentence for a previous conviction. On September 1, 1966, petitioner appeared in person before the city court, waived preliminary hearing, and was bound over for trial to the district court of Leavenworth County. On October 12, 1966, the district court appointed John H. Murray, a member of the Leavenworth County Bar, to represent petitioner and set petitioner's case for trial on December 7, 1966. On October 17, 1966, the county attorney served on petitioner and his attorney a notice of intention to invoke the provisions of K. S. A. 21-107a (repealed L. 1969, ch. 180, now K. S. A. 1971 Supp. 21-4504).

On June 14, 1967, petitioner entered a plea of guilty to the charge of forgery in the second degree and pursuant to 21-609,

*supra,* was sentenced to imprisonment for a term of not more than ten years with directions that the sentence should run concurrently with the sentence being served by petitioner. Petitioner did not appeal from the conviction.

On April 17, 1971, petitioner initiated these proceedings by filing a motion on the form prescribed by Rule No. 121 (205 Kan. xliv). In paragraph 10 petitioner stated all of his grounds for relief as follows:

"a. The trial court was without jurisdiction to render judgment and sentence, or any plea, and violated due process of law of K. S. A. 62-2901.

"b. and that equal protection of K. S. A. 62-2901 was also violated.

"c. Recent proof of such has been found in the records and files of the Kansas State Penitentiary, Lansing, Kansas."

In paragraph 11 of his motion, in response to the requirement that he state concisely and in the same order the facts supporting the grounds which he set out in paragraph 10, petitioner stated:

"a. Petitioner had signed the papers and complied with the requirements of K. S. A. 62-2901 but the staff and its agencies and the court failed to proceed pursuant to provisions and process of K. S. A. 62-2901. See State v. Broops, 206 Kan. 418-422 PLD 1/23/71, State v. Goetz, 187 Kan. 117-121 353 PLD 816"

On May 26, 1971, the district court considered petitioner's motion and summarily denied relief. Thereafter this appeal was perfected.

As we have related, the record shows that a complaint was filed against petitioner on November 15, 1965, and that his case was not finally disposed of until June 14, 1967. In his motion, which we assume was properly filed under oath although not revealed by the record, petitioner says, as we have noted, that he "had signed the papers and complied with all the requirements of K. S. A. 62-2901," and that "proof of such had been found in the records and files of the Kansas State Penitentiary."

The Uniform Mandatory Disposition of Detainers Act, K. S. A. 62-2901, *et seq.,* (repealed L. 1970, Ch. 129, now K. S. A. 1971 Supp. 22-4301, *et seq.*), provides, as construed by this court in *State v. Ellis,* 208 Kan. 59, 490 P. 2d 364, that where a prosecution is pending against an accused confined in a state penal institution for another offense the warden, superintendent or other officials having custody of prisoners shall promptly inform each prisoner in writing of the source and nature of any untried information or complaint against him, and of his right to make a request for final disposition thereof.

As we have noted, petitioner claims that he had requested disposition but that no action was taken on his request until long after the 180 days after such request was made pursuant to K. S. A. 62-2903. The section further provides that if the untried information or complaint is not brought to trial within that period of time no court of this state shall any longer have jurisdiction thereof, and that the untried information or complaint should be dismissed with prejudice.

In the instant case petitioner by his own allegations in paragraphs 10 and 11 of his motion at least raised a question which warranted inquiry by the district court in an evidentiary hearing. The case must be remanded with directions to set aside the judgment, appoint counsel and proceed with an evidentiary hearing to determine the truth or falsity of petitioner's allegations to which we have referred.

It is so ordered.