NOT DESIGNATED FOR PUBLICATION

No. 119,853

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAUNCEY L. BROWNFIELD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 31, 2020. Affirmed in part and remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., LEBEN, J., and WALKER, S.J.


LEBEN, J.: Chauncey Brownfield appeals the district court's denial of his request to withdraw his guilty plea to aggravated battery. Brownfield argues that the district court abused its discretion by denying the motion because he had shown that he entered the plea only because his attorney hadn't properly prepared for trial. But Brownfield had told the court at his plea hearing that the services his attorney had provided had been satisfactory, and the district court found no indication that Brownfield's attorney had done an inadequate investigation of the case. We therefore find no abuse of discretion in the district court's denial of the motion to withdraw Brownfield's guilty plea.

On appeal, after briefs had been filed, Brownfield raised as a supplemental issue a claim that the district court lacked jurisdiction over the case. Because that issue requires that certain facts be established—and the district court didn't develop that record since the issue wasn't pending in the district court when it held its evidentiary hearing—we remand that supplemental issue for further consideration by the district court.

FACTUAL AND PROCEDURAL BACKGROUND

While in custody, Brownfield beat a fellow inmate, causing a fractured orbital floor, part of the eye socket. The State first charged Brownfield with a severity level 4 aggravated battery. In a plea agreement, the State agreed to amend the charge to a lesser offense, severity level 8 reckless aggravated battery, and Brownfield agreed to plead guilty. The parties also agreed that they would jointly recommend a 23-month prison sentence (the highest of the three numbers available as a presumptive sentencing under our state's sentencing guidelines) and that the sentence be consecutive to another one Brownfield was already serving.

The district court held a hearing to advise Brownfield of the rights he would give up by entering the plea. Brownfield said that he understood those rights and agreed that "[t]he services of [his] lawyer [had] been satisfactory." In addition, in a written form of the plea agreement, Brownfield had said, "I am satisfied with the advice, recommendations and representation that I have received from [my attorney]." Brownfield also denied any coercion: "I have not been coerced or threatened by my attorney . . . in order to force me to enter into this plea agreement." Before sentencing, though, Brownfield asked to withdraw his plea. A new attorney was appointed to represent Brownfield, and the court held an evidentiary hearing on Brownfield's motion to withdraw his plea.

2

Brownfield was the only witness. He testified that his attorney hadn't seemed prepared for trial. Brownfield said that 20 people had witnessed the crime but that the attorney hadn't interviewed them. Brownfield also said that the attorney had only met with him twice, though he said he also spoke with the attorney four or five times on the telephone. Brownfield said that he felt his attorney was unprepared for trial. Because of that, Brownfield said he "didn't feel like [he] had much of a choice" about whether to accept the State's plea offer.

Brownfield raised one other issue during that hearing. Before he pleaded guilty, Brownfield had moved to dismiss the charge against him based on a claim that the State had failed to try the case within the time limit set by the Uniform Mandatory Disposition of Detainers Act (the Detainers Act), K.S.A. 22-4301 et seq. Under the Detainers Act, a person in custody with a pending charge can ask to have that charge resolved, and that generally starts a 180-day time period to resolve the charge. See K.S.A. 2018 Supp. 22-4303(b)(1)(A).

While in custody at the Norton Correctional Facility, Brownfield had apparently filled out a form (an Inmate Request to Staff Member) asking to have a "180[-day] writ filed on my behalf per K.S.A. 22-4301." But that request wasn't sent on either to the prosecutor's office or to the district court, and the charge wasn't resolved within 180 days of his request. Based on that, Brownfield's attorney had moved to dismiss the aggravated-battery charge for failure to meet the Detainers Act deadline. But Brownfield withdrew that motion as part of the plea agreement.

In the hearing on his motion to withdraw the guilty plea, Brownfield also claimed that his attorney hadn't properly advised him about the Detainers Act motion. Brownfield said that his attorney had at first been excited about the Detainers Act motion but that he had said it was unlikely to succeed when discussing the proposed plea agreement.

3

The district court said that it saw "no indication . . . defense counsel did not properly investigate the matter" and that "the defendant's plea was freely, voluntarily, [and] intelligently made." The court found that Brownfield had not shown "good cause" to withdraw his plea and denied the motion.

The court then sentenced Brownfield consistent with the parties' recommendation from the plea agreement. Brownfield appealed, challenging the denial of his motion to withdraw plea.

ANALYSIS

A plea may be withdrawn before sentencing on a showing of good cause and within the sound discretion of the district court. K.S.A. 2018 Supp. 22-3210(d)(1). On appeal, the defendant must show that the trial court abused its discretion in denying the motion to withdraw plea. *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006); *State v. Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 1, 343 P.3d 544 (2015). A district court abuses its discretion if it makes an error of fact or law or if its discretionary judgment call is one that no reasonable person could agree with. See *State v. Morrison*, 302 Kan. 804, 812, 359 P.3d 60 (2015); *Ruiz*, 51 Kan. App. 2d at 218.

The district court must consider a series of factors—known as the *Edgar* factors because they were announced in that case—when deciding whether to allow a plea withdrawal: whether "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" *Edgar*, 281 Kan. at 36; *Ruiz*, 51 Kan. App. 2d 212, Syl. ¶ 2. Although those factors must be considered, they aren't an exhaustive list of factors that may be relevant, and the court may consider other factors. See *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010).

The district court did not cite *Edgar* or explicitly apply the *Edgar* factors. But we can discern connections between some statements made by the district court and those factors. In addition, we note that no request was made to the district court for more findings. On appeal, when the district court was not asked to make additional findings, we presume it made the findings that would support its decision so long as they are supported by the record. See *State v. Herbel*, 296 Kan. 1101, 1119, 299 P.3d 292 (2013).

The first factor is that the defendant was represented by competent counsel. The district court found no reason to believe that the attorney hadn't investigated the case, despite Brownfield's assertions. Brownfield's testimony may have shown that he only had two meetings and four or five phone conferences with his attorney. But that hardly shows that the attorney hadn't appropriately prepared the case. There had been a preliminary hearing at which a sheriff's deputy who was at the jail on the day of the incident and another jail employee testified; both were cross-examined by Brownfield's attorney. In addition, at that hearing, the State presented a photo showing the injured victim and a jail video showing the attack. Brownfield has not shown that there was some mystery witness who would have changed the basic facts of this case. And defense counsel's cross-examination of the witnesses at the preliminary hearing was reasonable. The record supports the district court's implied finding that Brownfield was represented by competent counsel.

The second factor is whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of. In its oral ruling, the court noted that when it took the plea, Brownfield admitted his guilt and said he understood his rights. The court said that it "observed him when he made those statements" and found that the plea had been voluntarily made. The same judge took the plea and heard Brownfield's later testimony suggesting coercion; the court simply didn't accept that testimony. We cannot second-guess that conclusion. See *State v. Schaefer*, 305 Kan. 581, 595, 385 P.3d 918 (2016).

5

The third factor is whether the plea was fairly and understandably made. Once again, the court that took the plea and heard Brownfield's testimony concluded that the plea was made freely, voluntarily, and intelligently. And there's support in the record for that conclusion.

We do not find any abuse of discretion in the district court's denial of Brownfield's motion to withdraw his plea. We therefore affirm the district court's judgment, subject to one caveat.

There is one loose end we must send to the district court to tie up. Although Brownfield withdrew his motion to dismiss the case for violation of the Detainers Act, he has brought that issue back into the case on appeal. That's something he can do because he's claiming that the Detainers Act violation deprived the district court of subject-matter jurisdiction. That's a claim that may be raised at any time, *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016), and the failure to bring a defendant to trial within the Detainers Act deadline is jurisdictional. K.S.A. 2018 Supp. 22-4303(b)(4); see *State v. Rodriguez*, 254 Kan. 768, Syl. ¶ 3, 869 P.2d 631 (1994). So Brownfield still can raise the issue.

But this issue, first raised by motion in the district court, wasn't still pending there when the district court held its evidentiary hearing on Brownfield's motion to withdraw the plea. Because of that, the factual background needed to decide the Detainers Act issue isn't before us. For the Detainers Act time deadline to begin to run, the defendant must first make a "request . . . in writing, addressed and delivered to the court in which [the charge] is pending, to the county attorney charged with the duty of prosecuting it." K.S.A. 2018 Supp. 22-4301(a). Once that is given to prison officials, they must send the request to the court and to the prosecutor. K.S.A. 2018 Supp. 22-4302(c). And receipt of the request starts the 180-day time clock. See *State v. White*, 234 Kan. 340, Syl. ¶ 2, 673 P.2d 1106 (1983).

6

Our understanding is that prison officials didn't forward Brownfield's request to the court and prosecutor; instead, a prison official apparently asked Brownfield to fill out another form related to paying for the postage to send the request out. Brownfield argues that because he made a proper request and prison officials should have sent it on to the court and prosecutor, the deadline should have begun to run when the request was given to prison officials. In support, Brownfield cites *State v. Burnett*, 297 Kan. 447, 301 P.3d 698 (2013), which held that "[a] prisoner's substantial compliance with the [Detainers Act] is sufficient to invoke its provisions. 297 Kan. 447, Syl. ¶ 4. Brownfield also notes the statement in *Burnett* that "[o]nce the request is in hand, [the prison] official's statutory duty is triggered to mail the request, along with a certificate containing information regarding the prisoner's sentence, to the appropriate court and county attorney." 297 Kan. at 457.

The State contends that because Brownfield didn't fill out the requested form about postage costs, he never made a proper request under the Detainers Act. The State also argues that in completing the tasks required by K.S.A. 2018 Supp. 22-4301(a), Brownfield had to follow any reasonable requests from prison officials to get his paperwork processed.

We do not have sufficient evidence in our record to determine whether Brownfield substantially complied with the statute. Although the document Brownfield filled out and submitted to prison officials was admitted in evidence at the hearing on his motion to withdraw his plea, it's not in our record on appeal. We do have what appears to be the same document, attached to a filing the State made in the district court. But we can't know whether that document is identical to the one admitted in evidence. In addition, because the Detainers Act issue wasn't directly before the district court at the hearing on Brownfield's motion to withdraw the plea, the court didn't allow a continuance to allow

the State to call prison officials to give their side of the communications that took place with Brownfield.

So we must send the case back to the district court to determine whether Brownfield substantially complied with the Detainers Act. If so, and if the Detainers Act deadline expired before Brownfield's plea, the district court should set aside Brownfield's conviction and dismiss the action. See *Burnett*, 297 Kan. at 454-55 ("We have held that the burden to send the certification to the district court and county attorney shifts to prison officials once the facts establish that the prisoner properly invoked the [Detainers Act]. . . . Accordingly, if there was a deficiency in the execution of those statutory responsibilities, that failure is not attributable to [the defendant], nor should it prejudice his ability to invoke the statute."); see also *State v. Foster*, No. 117,118, 2018 WL 4039455, at *6-8 (Kan. App. 2018) (unpublished opinion) (reviewing substantial-compliance issue), *rev. denied* 309 Kan. 1351 (2019). If not, the district court should enter factual findings and legal conclusions supporting its decision, and Brownfield's conviction and sentence will remain in effect.

Before closing, we note one other way in which Brownfield has made an argument on appeal about the Detainers Act issue. He also suggested that one of the reasons he should have been allowed to withdraw his plea was that he had "not understood the consequences of the plea on his motion to dismiss under the" Detainers Act. But because the Detainers Act issue is one of jurisdiction that Brownfield is still able to pursue, we do not believe that the withdrawal, as part of the plea agreement, of the motion to dismiss can serve as good cause to withdraw the plea. Even though he withdrew the motion to dismiss, he did not lose the ability to pursue it—it's a jurisdictional issue that he can still raise, and he has done so.

We affirm the district court's judgment subject to the further hearing we have directed. Affirmed in part and remanded with directions.