NOT DESIGNATED FOR PUBLICATION

Nos. 120,747
121,048

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS C. GRIFFIN II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed April 10, 2020. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., SCHROEDER, J., and LAHEY, S.J.

PER CURIAM: Thomas C. Griffin II appeals his conviction for possession of methamphetamine, contending the district court lost proper jurisdiction over the case based on the time it took to get a trial date. When he was charged with possession of meth, he was serving an unrelated sentence in a Kansas state prison, and he filed a request for a speedy resolution of the meth charge under the Uniform Mandatory Disposition of Detainers Act.

Griffin's appeal comes down to a single issue: did the 180-day time limit to try him begin to run when he gave his request to prison officials or did it start 12 days later when the district court and district attorney received it? At least in this case, in which prison officials didn't cause any undue delay, the time limit began to run on receipt of the trial request by the district court and district attorney. Because a trial was set within 180 days of that date, the district court properly denied Griffin's motion to dismiss the case for violation of the Act. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*The Charges*

On September 27, 2017, Griffin was arrested during a traffic stop in Douglas County for possession of controlled substances, possession of drug paraphernalia, driving while suspended, and displaying a tag not assigned to the vehicle he was driving. At the time of his arrest, Griffin was on parole and under supervised release in Wyandotte County, Kansas.

A few months later, on April 8, 2018, Douglas County prosecutors brought formal charges related to the traffic stop. They charged Griffin with possession of methamphetamine with intent to distribute, possession of drug paraphernalia (felony), possession of alprazolam, possession of diazepam, three counts of possession of drug paraphernalia (misdemeanor), and one count of driving while suspended. But on April 19, 2018, well before the Douglas County charges could be resolved, Griffin was committed to the Kansas Department of Corrections in the Wyandotte County case for a term of 36 months.

2

*Griffin's Request Under the Act*

On June 27, 2018, while Griffin was still in a state prison, the district court filed Griffin's "K.S.A. 22-4301 Request for Mandatory Disposition of Detainer Act," which Griffin had sent directly to the court. The district attorney acknowledged receipt of Griffin's request in a July 3 letter to Griffin, but the district attorney advised Griffin that he needed to contact prison officials to have the proper documents prepared and delivered. On June 30, Griffin asked for postage from the prison to send his request. Griffin's postage was approved on July 3. On July 6, Griffin signed a request for disposition under the Act; the Norton Correctional Facility records clerk certified the details of Griffin's sentence. On July 16, Norton Correctional Facility sent the certified request, by certified mail, to the district attorney. On July 18, the district attorney received the certified request. The district court received and filed it that same day.

*Griffin's Motion to Dismiss*

Aware that Griffin had invoked the Act, the district court set Griffin's trial for January 7, 2019, noting January 14 was the "date for speedy trial." The State agreed that Griffin had to be tried before January 14.

On January 2, 2019, Griffin moved to dismiss for violation of the Act. Griffin argued the charges should be dismissed because he substantially complied with the Act on June 27, 2018, that 189 days had passed, and he had not been brought to trial. In the alternative, Griffin argued that he fully complied with the Act no later than July 6, 2018, so he should have been brought to trial no later than January 2, 2019.

On January 16, 2019, the district court denied Griffin's motion. The district court held that the 180-day period began when the district court and district attorney received the certificate from the Kansas Department of Corrections.

3

*The Plea*

Griffin's trial was set for January 22, 2019. On January 18, Griffin pleaded no contest to possession of methamphetamine; the other charges were dismissed as part of the plea agreement. The district court sentenced Griffin to 15 months in prison.

*The Appeal*

Griffin then appealed to our court. The sole issue on appeal is whether the 180-day period for his trial had expired before he entered his plea.

ANALYSIS

The Uniform Mandatory Disposition of Detainers Act provides a statutory right for inmates in a Kansas correctional or penal institution to request final disposition of any charges pending against them in the state. *State v. Burnett*, 297 Kan. 447, 452-53, 301 P.3d 698 (2013). The Act prevents oppression of an inmate by making sure that criminal prosecutions pending against them aren't suspended for an indefinite time; it also prevents delays in the administration of justice by placing an obligation on courts to bring the inmate to trial within a reasonable period. 297 Kan. at 453.

Whether a defendant's statutory speedy-trial right has been violated is a legal question that we review independently, without any required deference to the district court. 297 Kan. at 451. And while a defendant usually waives any failure to comply with speedy-trial rules by entering a guilty plea, the Act makes the time frame jurisdictional. *State v. Foster*, No. 117,118, 2018 WL 4039455, at *3 (Kan. App. 2018) (unpublished opinion), *rev. denied* 309 Kan. 1351 (2019). Since the time limit is jurisdictional, the

4

defendant can't waive the requirement, so if the defendant is not brought to trial within the Act's time limit, then no Kansas court has jurisdiction over the charges. K.S.A. 2019 Supp. 22-4303(b)(4); *Foster*, 2018 WL 4039455, at *3. So we must determine whether the Act's time limit had expired before he entered his plea. (Alternatively, we might look to see whether the trial date the district court had set was within the 180-day time limit. Based on our analysis, the end result is the same.)

To determine whether Griffin's statutory right to a trial under the Act was violated, thus stripping the district court of jurisdiction, this court must interpret and apply the Act. We do that independently, without any required deference to the district court. *Burnett*, 297 Kan. at 451.

An inmate may request final disposition of untried charges pending in Kansas. The Act requires that the inmate send the written request to three parties: (1) the court in which the charge is pending, (2) the county or district attorney who will prosecute the charges, and (3) the Secretary of Corrections. K.S.A. 2019 Supp. 22-4301(a). Notice to the Secretary is not a mere formality; the Secretary must certify to the court the prison term the inmate is serving, the time remaining to be served, and the time of parole eligibility—information that could affect the setting of hearings on the untried charge. See K.S.A. 2019 Supp. 22-4302(a), (b). Once the Secretary has that information collected and certified, the Secretary must mail it by registered or certified mail to the court and the prosecutor. K.S.A. 2019 Supp. 22-4302(c). Assuming there's only one detainer (as was the case here), the inmate must be tried within 180 days "[f]ollowing the receipt of the [Secretary's] certificate by the court and county attorney." K.S.A. 2019 Supp. 22-4303(b)(1)(A).

An inmate's substantial compliance with the Act is sufficient to invoke its protections. *Burnett*, 297 Kan. at 453. Once the inmate has properly invoked the Act, the burden to send the certified information about the inmate's remaining prison time to the

5

district court and the county attorney shifts to the Secretary. *Foster*, 2018 WL 4039455, at *5 (citing *Pierson v. State*, 210 Kan. 367, 374, 502 P.2d 721 [1972]). As our Supreme Court made clear in *Burnett*, 297 Kan. at 455, a public official's negligence cannot deprive an inmate of the statutory right granted by the Act.

Griffin argues, based on *Burnett*, the 180-day period should be deemed to have run when he substantially complied with the Act, which occurred no later than July 6, 2018, not upon receipt of the Secretary's certification by the court and prosecutor. But Griffin's case is unlike *Burnett*, in which the Secretary failed to meet his burden under the Act.

In *Burnett*, as in our case, the inmate had substantially complied with the Act—sending a request to the prosecutor, the court, and the Secretary. That shifted the burden to comply with the Act to the Secretary, but the Secretary never sent the statutorily required certification to the district court or the prosecutor. In that situation, our Supreme Court held that the date Burnett substantially complied with the Act was the proper date to begin counting because Burnett should not be punished for the Secretary's failure to do its part. 297 Kan. at 454-55, 457.

But in our case, unlike *Burnett*, the Secretary met his burden and sent the required certificate. It's true that Griffin had substantially complied with the Act no later than July 6, 2018: his request was filed with the district court on June 27; the county attorney received Griffin's request by July 3; and Griffin made a request to the Secretary on July 6. Griffin's substantial compliance with the Act invoked its protection; the burden to comply with the Act shifted to the Secretary.

On July 16, 2018, ten days after Griffin substantially complied with the Act, the Secretary sent the certification to the county attorney by certified mail. The Act surely recognizes that it will take *some* time in the ordinary course of business for the Secretary to check the inmate's records, prepare a certificate of the prison time left for the inmate to

6

serve, and send that information to the prosecutor and district court. And the Act quite clearly provides that the 180-day time limit kicks in "[f]ollowing the receipt of the certificate by the court and the county attorney." K.S.A. 2019 Supp. 22-4303(b)(1)(A). The district court and county attorney received the certification on July 18, 2018.

So which date controls when an inmate substantially complies with the Act *and* the Secretary does too? The statute clearly tells us it's 180 days following receipt of the certificate.

The district court and county attorney received the certificate from the Secretary on July 18, 2018. Thus, July 18, 2018 is the proper date to begin the 180-day period. In computing time periods, the day of the event that triggers the period is excluded. See K.S.A. 2019 Supp. 60-206(a)(1)(A); *Foster*, 2018 WL 4039455, at *10. Counting 180 days from July 18, 2018, the initial deadline for Griffin's trial to begin was January 14, 2019.

The court had initially scheduled the trial for January 7, 2019, which was within that time limit. But five days before trial, on January 2, Griffin filed a motion to dismiss. On January 3, Griffin's motion to dismiss was set for hearing on January 16, and Griffin's jury trial was rescheduled for January 22.

Neither party has addressed that continuance in their appellate briefs, and Griffin has argued the appeal as a dispute about whether the 180-day clock should have started no later than July 6 (Griffin's view) or the date chosen by the district court, July 18. Griffin has not argued on appeal that even if the July 18 date is the correct one to start the 180-day time limit, he still should win the appeal because the time from January 2 (when he filed his motion to dismiss) to January 16 (when that motion was heard) should be charged against the State, not against the defendant. We presume that the time to deal with this motion filed by the defendant only shortly before the trial should be charged

against the defendant. See *State v. Woods*, No. 117,294, 2018 WL 1770556, at *4 (Kan. App. 2018) (unpublished opinion). Adding that 14-day period to the original January 14 deadline takes us to January 28; Griffin's rescheduled trial date (January 22) and his plea date (January 18) were both within that time limit.

We find no violation of the Act, and we affirm the district court's judgment.