(326 P.3d 409)

No. 109,286

STATE OF KANSAS, *Appellee*, v. JEFFREY DIEDERICH, *Appellant*.

Opinion filed May 23, 2014.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN, J., and HEBERT, S.J.

LEBEN, J.: Jeffrey Diederich appeals his conviction on several charges based on his claim that the State violated his speedy-trial rights under the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq.* Under that act, once a defendant gives notice of a request to have outstanding charges tried, the State must do so within 180 days unless a continuance is granted under the statute's provisions. See K.S.A. 22-4303; *State v. Burnett*, 297 Kan. 447, Syl. ¶ 6, 301 P.3d 698 (2013).

In Diederich's case, none of the statutory provisions for continuing the 180-day period was used by the State. Accordingly, Diederich is right that the 180-day period expired, and that left the State without jurisdiction to proceed on the charges. We therefore re-

verse Diederich's convictions and remand the case to the district court with directions to dismiss the charges with prejudice, meaning that they cannot be refiled.

## FACTUAL AND PROCEDURAL HISTORY

Diederich was arrested in Reno County on April 26, 2010, for felony theft. He posted bond and was released from custody that same day. By May 4, 2010, the State had formally charged him in district court with felony theft, identity theft, and forgery. The State added a fourth charge of making a false information in September 2010.

In the meantime, Diederich had been arrested on charges arising in other Kansas counties. Between June 2010 and January 2011, he was convicted on charges in four counties, including forgery and felony theft. Although he was often in county jails while awaiting trials or transport back to the Kansas Department of Corrections, that department sent a letter to the Reno County District Court dated July 17, 2012, confirming that Diederich had "been incarcerated in the Kansas Department of Corrections since 7-18-2011."

During that time period—on August 26, 2011—Diederich filed notice under the Uniform Mandatory Disposition of Detainers Act to have the pending Reno County charges disposed of within 180 days. That triggered the 180-day time limit, which would have required that Diederich's trial begin by February 22, 2012, unless extended.

Only one hearing was held in Diederich's Reno County District Court case between August 26, 2011, and February 22, 2012: Diederich made his first appearance on the charges on September 14, 2011, and a public defender was appointed to represent him.

Another hearing—apparently a docket call—was scheduled for October 5, 2011, but Diederich did not appear. The district court entered a bench warrant for Diederich's arrest, apparently based on the assumption that Diederich had posted a bond and been released from custody. But since Diederich was serving a sentence with the Department of Corrections, that wasn't possible. Instead, Diederich had been transferred to Douglas County for trial on

charges pending there. Diederich was convicted there on October 27, 2011, of three counts of identity theft, and he was convicted of forgery in Cloud County in January 2012.

No further proceedings took place in Reno County until well after February 22, 2012. On June 13, 2012, Diederich sent a letter to the Reno County District Court providing documentation that he had not bonded out in October 2011; he said he was responding to a letter from the prosecutor stating that his request under the Uniform Mandatory Disposition of Detainers Act was no longer valid since he had bonded out and not been in custody.

On July 13, 2012, Diederich filed a pro se motion to dismiss the Reno County charges for lack of jurisdiction based on the 180-day time limit. The district court initially heard that matter on July 19 but set the matter over until August 1 to determine whether Diederich had bonded out. On August 1, the court said that Diederich had indeed established that he had remained incarcerated since he had filed his request for disposition of the charges in August 2011.

The State argued that the 180-day limit had been tolled while Diederich was being held in other counties. After the district court asked for briefs on the matter, Diederich withdrew his motion to dismiss.

But he refiled the motion about 2 weeks later, shortly before a scheduled trial date. In that motion, filed by Diederich's attorney, the attorney conceded that time when Diederich was being held in other counties should not count toward the 180-day period. The parties disputed how various time periods should be counted. The district court concluded that only 177 days had run when certain time periods were excluded, and the court denied Diederich's motion to dismiss.

The parties then stipulated to certain facts for purposes of the trial. Based on those stipulated facts, the district court found Diederich guilty of identity theft, forgery, felony theft, and making false information. Diederich has appealed the convictions to this court, contending that the district court had no jurisdiction to try him because the 180-day limit under the Uniform Mandatory Disposition of Detainers Act had expired.

Analysis

Diederich contends that his right to a speedy trial under the Uniform Mandatory Disposition of Detainers Act was violated. Our Supreme Court has held that whether a defendant's statutory speedy-trial right has been violated presents a legal question that the appellate courts must answer independently, with no required deference to the district court. *Burnett*, 297 Kan. at 451. To resolve that legal question, we must interpret the underlying statutes; that also is a matter we review independently. 297 Kan. at 451.

The key statutory provision in our case is K.S.A. 22-4303. It sets the 180-day limit, provides that a failure to meet that limit deprives the State of jurisdiction to pursue the criminal charges contained in the complaint, and provides for continuances only by stipulation, as granted in open court with the defendant or defense attorney present, or after notice to the defendant's attorney with an opportunity for that attorney to be heard:

"Within one hundred eighty (180) days after the receipt of the request and certificate by the court and county attorney or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information or complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment, information or complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice." K.S.A. 22-4303.

Our Supreme Court noted in *Burnett* that this statute provides three ways to extend the 180-day time limit: "(1) the court for good cause in open court grants additional time; (2) the parties stipulate to a continuance; or (3) a continuance is granted on notice to the attorney of record and opportunity to be heard." 297 Kan. at 458.

Diederich's argument on appeal is a simple one—that the 180-day time limit expired because it wasn't extended under any of the ways authorized by the statute. The State doesn't argue that an extension was granted in one of the ways the statute authorizes. Instead, the State emphasizes that Diederich conceded in the dis-

trict court that the time during which he was being held in other counties should not be counted.

But Diederich has taken a contrary position on appeal, and because this is a question of the district court's jurisdiction, he can do that. Parties cannot confer subject-matter jurisdiction (the authority to hear a specific claim) on a court by consent, waiver, or estoppel, so the failure to object to jurisdiction doesn't eliminate a jurisdictional problem. See *Bartlett Grain Co. v. Kansas Corporation Comm'n*, 292 Kan. 723, 726-27, 256 P.3d 867 (2010). And our Supreme Court has applied that rule in a case involving a jurisdiction question under the Uniform Mandatory Disposition of Detainers Act.

In that case, *Pierson v. State*, 210 Kan. 367, 502 P.2d 721 (1972), the defendant had failed to raise the jurisdictional question not only before the district court but also on the direct appeal from his conviction. He then raised the failure to try him within the 180-day limit in a habeas corpus action under K.S.A. 60-1507. The district court granted relief, and our Supreme Court affirmed. The court did so because the failure to try a case within that 180-day time limit is jurisdictional, and the failure of the defendant to raise the issue at trial or in his direct appeal would not constitute a waiver of his rights under the Uniform Mandatory Disposition of Detainers Act. 210 Kan. at 371-72, 374. So the concession by Diederich's attorney in the district court did not vest the court with jurisdiction if—under a proper interpretation of the Uniform Mandatory Disposition of Detainers Act—the time limit for trying Diederich on these charges had expired.

The State took no action to obtain an extension of the 180-day time limit before it expired. The district court did not enter any extension of the time limit before it expired. Accordingly, as of February 23, 2012, K.S.A. 22-4303 provided that "no court of this state shall any longer have jurisdiction thereof" and that "the court shall dismiss [the complaint or information] with prejudice." See *Burnett*, 297 Kan. at 459; *State v. Rodriguez*, 254 Kan. 768, Syl. ¶ 3, 869 P.2d 631 (1994); *State v. Watson*, 39 Kan. App. 2d 923, Syl. ¶ 2, 186 P.3d 812 (2008).

We therefore conclude that the district court was without jurisdiction to try Diederich on these charges, and we reverse his convictions. We remand to the district court with directions to dismiss the complaint against Diederich with prejudice to its refiling.