NOT DESIGNATED FOR PUBLICATION

No. 117,934

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER ADAM GUILBEAUX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed August 24, 2018. Reversed and remanded with directions.

*Christopher A. Guilbeaux*, appellant pro se.

*Stephen P. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

POWELL, J.: Christopher Adam Guilbeaux appeals his conviction and sentence pro se, arguing the district court erred by denying his motion to dismiss under the Uniform Mandatory Disposition of Detainers Act (UMDDA), K.S.A. 22-4301 et seq. Once properly invoked, a prisoner is entitled under the UMDDA to have any outstanding charges disposed of within 180 days, and Guilbeaux claims he was not brought to trial within the required time frame entitling him to a dismissal of the charges against him. Guilbeaux also argues the district court improperly refused to appoint him counsel and to conduct a hearing when considering his motion to dismiss. The State concedes Guilbeaux is entitled to an evidentiary hearing as to whether he properly invoked the UMDDA. As

1

we agree with the parties that a material question of fact exists as to whether Guilbeaux substantially complied with the UMDDA entitling him to a dismissal of his case, we reverse the district court's denial of Guilbeaux's motion to dismiss on UMDDA grounds and remand for an evidentiary hearing.

FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2011, the State charged Guilbeaux with one count each of kidnapping, robbery, theft, and battery in Labette County, Kansas. In April 2012, Guilbeaux was served with a detainer notice of the pending Labette County charges while serving time at the Ellsworth Correctional Facility (ECF). In August or September 2012, he submitted a request for final disposition of the pending charges (a 180-day writ) to the warden of ECF. On September 6, 2012, Guilbeaux signed requests for final disposition, and Unit Team Manager Richard Sauvain informed him the requests would be mailed to the district court and county attorney.

On July 8, 2013, Guilbeaux filed a pro se motion to dismiss the pending charges against him with prejudice under the UMDDA and requested a hearing in the Labette County District Court. In his motion, Guilbeaux argued that he had properly invoked his rights under the UMDDA, that the 180-day time limit under K.S.A. 22-4303 had expired on March 6, 2013, and that the district court was required to dismiss the charges against him with prejudice. Guilbeaux recognized that while the register of actions in his criminal case did not show that the district court had received his written request for final disposition and the warden's certification, he asserted that such omission should not defeat his motion to dismiss because he properly filed his written request for final disposition with the warden and it was the warden's duty to mail the requests and certifications to the district court and county attorney.

2

Guilbeaux claimed that he had submitted in writing his 180-day writ requests to the warden of ECF in August or September 2012 and that those requests were signed by him and addressed to both the Labette County District Court and the Labette County Attorney. Attached to his motion was a supporting affidavit and a document Guilbeaux claimed was a copy of the 180-day writ requests that he signed in Sauvain's office and that Sauvain assured him he would mail to the district court and the county attorney. The exhibit is a form, presumably prepared by prison staff, entitled "Uniform Mandatory Disposition of Detainers Act," and states:

> "I, Guilbeaux, Christopher #102235 make application to the County Attorney in compliance with K.S.A. 22-4301, covering the Uniform Mandatory Disposition of Detainers Act. I make this application with the purpose of either my detainer being dropped or that I may be taken from this institution to stand trial. I ask that my application be granted in the prescribed period of time as granted by Law or that it be considered null and void."

Below this text is Guilbeaux's signature, the date of the application (September 6, 2012), the warrant number, the date of issue of the warrant, the county (Labette), and the specific crimes charged. At the bottom it lists copies to be sent to the county attorney, the district court clerk, the inmate, and the inmate's file.

On July 24, 2013, the State responded to Guilbeaux's motion by conceding Guilbeaux's legal arguments but maintaining that a factual question existed as to whether Guilbeaux had properly invoked the UMDDA to prison officials. The State asserted that while Guilbeaux had twice requested KDOC staff assistance in completing the 180-day writ, he cancelled both requests and never completed his statutorily required request for final disposition, therefore failing to comply with the UMDDA. The State attached to its response several exhibits:

3

1.    The first exhibit, dated April 17, 2012, is purportedly a Form 9—a form by which an inmate may make formal requests to prison staff—from Guilbeaux to the Records department that reads: "I would like to put in a 180 day writ for Labette County as soon as possible. Please & Thank You." The bottom half of the document shows that employee "J. Maxwell" informed Guilbeaux that same day that he was required to pay $11.50 in certified mail fee to file the 180-day writ pursuant to K.A.R. 44-12-601(3) [the actual regulation is K.A.R. 44-12-601(f)(3)] and if he wished to withdraw his 180-day writ request, then he must send another Form 9.

2.    The second exhibit, dated April 18, 2012, is purportedly a Form 9 from Guilbeaux to the Records department and Unit Team that reads: "I would like to cancel my 180-writ please I didn't know it cost. Please & Thank You." The bottom half of the form is undated but contains a handwritten "OK" and signed "J. Maxwell."

3.    The third exhibit, dated September 1, 2012, is purportedly a Form 9 from Guilbeaux to Records department and Sauvain (Unit Team) that reads: "I received a detainer for case # 11CR78PA on April 13, 2012. I would like for the staff at this facility to assist me with filing a 180 day writ to the courts." Guilbeaux included the address for the Labette County Sheriff's Office. The bottom half of the document shows that employee "K. Seitz" informed Guilbeaux on September 4, 2012, that his "AWR forms have been sent to your UTC" and that if he wanted to cancel the request he would need to send another Form 9.

4.    The fourth exhibit, dated September 7, 2012, is purportedly an email from KDOC records clerk Kimberly Seitz to Sauvain with the subject: "Guilbeaux 102235 180 day writ." The email reads: "Just received a form 9

4

from him. He has now decided that he does not want to do the 180 day writ. Wow, what a waste of my time calculating and preparing this documentation on this."

5. The fifth exhibit is a document titled "Uniform Mandatory Disposition of Detainers Act Pursuant to K.S.A. 22-4301." A handwritten statement at the bottom of the document indicates that it was the second page of Guilbeaux's exhibit in his motion to dismiss. The top typewritten paragraph is crossed out but includes Guilbeaux's information and his calculated good time as of March 22, 2012. The inmate and records clerk signature lines on the document are blank.

In a written order filed July 31, 2013, the district court summarily denied Guilbeaux's motion to dismiss without appointing Guilbeaux counsel and without conducting a hearing to take evidence. Instead, the district court relied solely upon the pleadings and attached exhibits, finding that—based on the State's exhibits—Guilbeaux had failed to request a final disposition under the UMDDA. In particular, the district court relied upon the State's fourth exhibit, the purported email from Seitz representing that she had received a Form 9 from Guilbeaux informing her that he did not wish to pursue the 180-day writ. The Form 9 allegedly sent by Guilbeaux to Seitz was not among the exhibits presented by the State and is not contained in the record on appeal.

On August 12, 2013, Guilbeaux filed several pro se motions, which included a motion to alter or amend judgment under K.S.A. 60-259, a request for additional findings of fact and conclusions of law under K.S.A. 60-252(b), and a motion to appoint counsel under K.S.A. 22-4501. In relevant part, Guilbeaux argued that the first cancelled request was involuntary because he did not have $11.50 to pay for the certified mail fee and KDOC did not inform him that, as an indigent, he did not have to pay it. Guilbeaux also challenged the evidentiary foundation of the KDOC email that asserted he had cancelled

5

his second 180-day writ request on the basis that there was no Form 9 in his file withdrawing his second request. Finally, Guilbeaux argued that his request for staff assistance from the KDOC supported his contention that he properly invoked his rights under the UMDDA and claimed the district court erroneously denied his motion without holding a hearing.

On October 7, 2013, the State responded and argued that the district court should not grant Guilbeaux's motions because the evidence did not support that he substantially complied in completing his request for final disposition with the UMDDA. On March 26, 2014, the district court denied Guilbeaux's motions, holding (1) Guilbeaux improperly filed his criminal motions under the civil rule of procedure, K.S.A. 60-259, and (2) no evidence supported Guilbeaux's assertion that he had invoked his rights under the UMDDA.

On April 21, 2014, Guilbeaux filed another a pro se motion entitled "Motion to Take Judicial Notice Pursuant to K.S.A. 60-409 and Motion to Reconsider." Guilbeaux repeated his request that the district court appoint him counsel, address the arguments in his motion for additional findings of fact and law, and reconsider its ruling that K.S.A. 60-259 did not apply to criminal matters. On October 21, 2014, the district court issued a final order denying Guilbeaux's motion. In relevant part, the district court held Guilbeaux was not entitled to the appointment of counsel because he could not meet his burden to show that he invoked his speedy trial rights under the UMDDA. The district court advised Guilbeaux to either properly invoke his rights under the UMDDA or file a notice of appeal of the district court's denial of his motion to dismiss. Guilbeaux chose to file a notice of appeal on January 5, 2015, appealing the district court's denial of his motion to dismiss under the UMDDA.

After the denial of Guilbeaux's motion to dismiss on UMDDA grounds, the criminal case proceeded. After transporting Guilbeaux to Labette County, the district

6

court conducted a first appearance on December 17, 2014, and Guilbeaux was appointed counsel. Not long after his appointment, Guilbeaux's counsel prepared and filed the aforementioned appeal of the denial of his motion to dismiss.

On March 23, 2015, Guilbeaux was appointed new counsel as his first counsel withdrew. Ultimately, Guilbeaux agreed to enter a plea of no contest to the robbery charge in exchange for the dismissal of the remaining charges. On June 9, 2015, the district court sentenced Guilbeaux to 120 months' imprisonment. No direct appeal of his conviction or sentence appears in the record.

On July 24, 2017, Guilbeaux filed a pro se motion to correct illegal sentence in the district court. In this motion, Guilbeaux argued the district court entered an illegal sentence because it was without jurisdiction to convict and sentence him under the UMDDA. The record on appeal does not indicate whether the district court ruled on Guilbeaux's motion.

### DID THE DISTRICT COURT ERR IN DENYING GUILBEAUX'S PRETRIAL MOTION TO DISMISS?

On appeal, Guilbeaux argues that the district court erred in denying his pretrial motion to dismiss because the State failed to bring him to trial within 180 days of his request for final disposition under the UMDDA.

A.    *Preliminary Issue*

Before we turn to the merits of Guilbeaux's claim, we must first address a directive issued by the Kansas Supreme Court while Guilbeaux's appeal was pending before this court.

7

As we noted in our factual discussion above, the district court issued three orders denying Guilbeaux's requested relief: (1) a summary denial of Guilbeaux's pro se motion to dismiss pursuant to the UMDDA on July 31, 2013; (2) a denial of Guilbeaux's pro se motions for reconsideration on March 26, 2014; and (3) a final order again denying Guilbeaux's efforts at getting the court to change its mind on the UMDDA dismissal issue on October 21, 2014. Subsequently, on January 5, 2015, Guilbeaux's first appointed trial counsel filed a notice of appeal challenging the district court's denial of his motion to dismiss under the UMDDA. The notice of appeal stated: "Notice is hereby given that Christopher Guilbeaux, defendant, by and through his Attorney, Samuel J. Marsh, appeals the Denial of the Motion to Dismiss filed herein on March 26, 2014, and the Final Order and Memorandum Denial of Motion to Dismiss filed herein October 21, 2014, rendered herein."

In July 2017, Guilbeaux filed and this court granted his motion to docket an appeal out of time. This motion came shortly after Guilbeaux filed a motion to correct an illegal sentence in the district court but over two years after Guilbeaux had been sentenced. Then, on August 23, 2017, the motions panel of this court issued a show cause order questioning its jurisdiction to consider Guilbeaux's appeal and directed Guilbeaux to submit all journal entries related to the district court's denial of his motion to dismiss. Guilbeaux did so. The motions panel then issued an order on September 15, 2017, retaining appellate jurisdiction and concluding that because there was no final appealable order until Guilbeaux had been sentenced on June 9, 2015, Guilbeaux's notice of appeal filed on January 5, 2015, did not become effective and timely until after sentencing. The panel also concluded, relying on *State v. Bogguess*, 293 Kan. 743, 756, 268 P.3d 481 (2012), that because the notice of appeal only challenged the district court's March 26, 2014 and October 21, 2014 rulings—but not the district court's initial July 31, 2013 order summarily denying Guilbeaux's pro se motion to dismiss or the legality of Guilbeaux's sentence—appellate review would be limited to only those two orders. Guilbeaux sought reconsideration or modification of the panel's order, but the panel denied the motion.

Guilbeaux then petitioned for review with our Supreme Court, contesting the motion panel's order limiting his appeal to the rulings specified in the notice of appeal. On June 14, 2018, the Kansas Supreme Court granted Guilbeaux's petition for review and remanded the matter to this court with directions to (1) review the district court's July 31, 2013 order summarily denying his motion to dismiss pursuant to *State v. Mundy*, 307 Kan. 280, 408 P.3d 965 (2018); and (2) resolve Guilbeaux's claim that he is entitled to an out-of-time appeal of his sentence due to his appointed trial counsels' failure to complete and perfect his appeal under *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.3d 1255 (1982).

Given the Supreme Court's order directing us to consider the propriety of the district court's initial order denying Guilbeaux's motion to dismiss, the merits of Guilbeaux's appeal will be addressed. With respect to the Supreme Court's order that we determine under *Ortiz* whether Guilbeaux's out-of-time appeal challenging the legality of his sentence may be considered, as we will explain below, that directive can be satisfied by our examination of the merits of Guilbeaux's UMDDA claim as both claims rest upon the jurisdiction of the district court to act, either to convict Guilbeaux or to sentence him. See K.S.A. 2017 Supp. 22-3504(3) (illegal sentence is one imposed by court without jurisdiction); *Pierson v. State*, 210 Kan. 367, 372, 502 P.2d 721 (1972) (failure to timely prosecute case after defendant's invocation of UMDDA deprives court of jurisdiction).

B.      *Standard of Review*

The standard of review for a denial of a motion to dismiss depends on the ground on which dismissal was sought. See *State v. Garcia*, 282 Kan. 252, 259, 144 P.3d 684 (2006). The Kansas Supreme Court has explained that

> "[w]hether a defendant's statutory right to a speedy trial was violated is a
> question of law subject to de novo review. To resolve the question presented we must

9

interpret and apply the UMDDA. Statutory interpretation and the determination of jurisdiction involve questions of law over which this court's scope of review is unlimited.

"Additionally, . . . this court construes criminal statutes strictly in favor of the defendant, and any reasonable doubt about a statute's meaning must be decided in favor of the accused. But this is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative intent. [Citations omitted.]" *State v. Burnett*, 297 Kan. 447, 451, 301 P.3d 698 (2013).

C.     *Merits*

Guilbeaux's principal argument is that the district court erred by denying his motion to dismiss because the record provides that he properly invoked his rights under the UMDDA. Secondarily, he argues the district court erred in denying his pretrial motion to dismiss without appointing him counsel and conducting a hearing on the motion. He also complains that the prison should not have charged him the costs of mailing his UMDDA request.

Our Legislature originally adopted the UMDDA in 1959 to prevent pending criminal charges from being indefinitely suspended while a defendant is imprisoned on other charges and to prevent delays in the administration of justice by requiring courts to hear cases within a reasonable period of time. *State v. Ellis*, 208 Kan. 59, 61, 490 P.2d 364 (1971). "The UMDDA provides the manner in which an inmate of a Kansas penal or correctional institution may require disposition of any criminal charges pending within the state. *State v. Brooks*, 206 Kan. 418, 421, 479 P.2d 893 (1971). *Burnett*, 297 Kan. at 452-53. The right is statutory, not constitutional. *State v. Stanphill*, 206 Kan. 612, 615-16, 481 P.2d 998 (1971).

At the time Guilbeaux submitted his 180-day writ request, the UMDDA provided that

"[a]ny person who is imprisoned in a penal or correctional institution of this state may request final disposition of any untried indictment, information or complaint pending against him in this state. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the county attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment." K.S.A. 22-4301(a).

The UMDDA also outlined the duties of prison officials upon receipt of such request.

"The request shall be delivered to the warden, superintendent or other officials having custody of the prisoner, who shall forthwith:

"(a) Certify the term of commitment under which the prisoner is being held, the time already served on the sentence, the time remaining to be served, the good time earned, the time of parole eligibility of the prisoner, and any decisions of the state board of probation and parole relating to the prisoner;

"(b) for crimes committed on or after July 1, 1993, certify the length of time served on the prison portion of the sentence, any good time earned and the projected release date for the commencement of the postrelease supervision term; and

"(c) send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the county attorney to whom it is addressed." K.S.A. 22-4302.

Finally,

"[w]ithin one hundred eighty (180) days after the receipt of the request and certificate by the court and county attorney or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information or complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment,

11

information or complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice." K.S.A. 22-4303.

Our Supreme Court explained in *Burnett*: "Once the prisoner properly initiates disposition of the other charges under the UMDDA, the State's failure to bring those charges to trial within 180 days deprives the district court of jurisdiction." 297 Kan. at 448. See also *State v. Diederich*, 50 Kan. App. 2d 345, Syl. ¶ 2, 326 P.3d 409 (2014) (untimely prosecution deprives district court of subject matter jurisdiction under UMDDA).

It is undisputed that Guilbeaux's alleged UMDDA requests never reached the district court or the county attorney. Guilbeaux asserts this is immaterial because he properly invoked his right to a speedy trial under the UMDDA, and that once he did so, it was up to prison officials to forward his requests to the district court and county attorney.

Kansas courts require an inmate's substantial compliance with the UMDDA statutory provisions to invoke its protections. *Burnett*, 297 Kan. at 453; *In re Habeas Corpus Application of Sweat*, 235 Kan. 570, 575, 684 P.2d 347 (1984); *Ekis, Petitioner v. Darr*, 217 Kan. 817, 822-23, 539 P.2d 16 (1975). Under K.S.A. 22-4301(a), an inmate must complete a written request for final disposition (180-day writ request), address the request to the correct district court and county attorney where the charges are pending, and state his or her place of imprisonment. The inmate must then send the completed 180-day writ request to the warden, superintendent or other official having custody of the inmate. K.S.A. 22-4302.

In *Burnett*, our Supreme Court also explained that once the facts establish that the prisoner properly invoked the UMDDA protections, the burden shifts to the prison

12

officials to mail the certification and the inmate's 180-day writ request to the district court and county attorney. 297 Kan. at 454 (citing *Pierson*, 210 Kan. at 374).

> "K.S.A. 22-4302(c) specifies 'the warden, superintendent or other officials having custody of the prisoner' are obligated to 'forthwith' send the district court and county attorney the request and certification. Accordingly, if there was a deficiency in the execution of those statutory responsibilities, that failure is not attributable to [the prisoner], nor should it prejudice [the prisoner's] ability to invoke the statute. The UMDDA is the statutory grant to an accused person of a right to which that person 'cannot be deprived by the laches of public officials.' [Citations omitted.]" 297 Kan. at 454-55.

Thus, to succeed on a pretrial motion to dismiss under the UMDDA, the inmate must establish facts that show he or she substantially complied with K.S.A. 22-4301(a) and K.S.A. 22-4302. Once established, the fact that the district court or county attorney did not receive an UMDDA request or certification is not fatal to the inmate's motion to dismiss under UMDDA.

We agree with Guilbeaux that he is entitled to an evidentiary hearing on the question of whether he substantially complied with the UMDDA. See *Hayes v. State*, 210 Kan. 231, 233, 499 P.2d 515 (1972) (evidentiary hearing required "to determine the truth or falsity" of defendant's UMDDA allegations). In fact, the State concedes this point. Guilbeaux's motion alleges facts that, if true, would entitle him to relief: He properly submitted his UMDDA request to prison officials on September 6, 2012; more than 180 days had passed without any action having been taken on his case; and under the UMDDA the district court lost jurisdiction over the criminal complaint, entitling him to a dismissal of the charges. The State controverted Guilbeaux's factual allegations with unauthenticated exhibits attached to its response, the principal one being a purported email containing hearsay statements from a KDOC records clerk that Guilbeaux had withdrawn his 180-day writ request. Notably missing from the exhibits—and from the

13

record for that matter—is the Form 9 supposedly sent by Guilbeaux withdrawing his second attempt to initiate a 180-day writ request. Moreover, the district court failed to make any findings of fact or conclusions of law regarding whether Guilbeaux's assertions and documents proved that he substantially complied with K.S.A. 22-4301(a) and K.S.A. 22-4302. Instead of appointing Guilbeaux counsel and setting the matter for an evidentiary hearing to resolve the disputed facts raised in Guilbeaux's motion and the State's response, the district court chose instead to decide the matter by relying only on the pleadings. This was error.

According to the record before us, it appears the linchpin of the legal finding that Guilbeaux had not substantially complied with the UMDDA was the State's factual assertion that Guilbeaux had withdrawn his second 180-day writ request. The district court appeared to base its factual finding that Guilbeaux had withdrawn his second 180-day writ request on a purported email containing hearsay statements that Guilbeaux had submitted another Form 9 withdrawing his request. The court's reliance on the email is questionable on a number of evidentiary grounds. See K.S.A. 60-467 (best evidence rule); K.S.A. 2017 Supp. 60-460 (hearsay); K.S.A. 60-464 (authentication of writing required).

But even if we assume the email is what it purports to be, the district court's reliance on it is suspect when considering the KDOC's internal policies that require an inmate to submit a Form 9 to cancel a request for a 180-day writ. Moreover, as Guilbeaux argues, in certain factual circumstances, the absence of an entry or a document kept in the normal course of the business or internal records of an entity tends to prove that such an entry or document does not actually exist. See K.S.A. 2017 Supp. 60-460(n); *State v. Cremer*, 234 Kan. 594, 602-03, 676 P.2d 59 (1984). The email is not a Form 9, and the State's failure to produce the second Form 9 supports Guilbeaux's argument that he never sent a second Form 9 withdrawing his second request. Based on KDOC policy, logic dictates that the State probably needs to show Guilbeaux submitted another Form 9 to

14

prove he cancelled his second 180-day writ request. Accordingly, insufficient evidence supports the district court's finding that Guilbeaux had withdrawn his UMDDA request and thus failed to substantially comply with the UMDDA.

Because the district court's denial of Guilbeaux's motion to dismiss is unsupported by the evidence, we reverse the district court and remand for an evidentiary hearing to sort out the disputed factual allegations. Moreover, given that Guilbeaux's motion to dismiss could be dispositive of the case and presents substantial questions of law and triable issues of fact, it constitutes a critical stage of the proceeding entitling Guilbeaux to the assistance of counsel. See K.S.A. 22-4503 (felony defendant has right to counsel at every stage of proceedings); *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1994) (right to counsel at pretrial proceedings where "motion presents substantial questions of law or triable issues of fact"). See also *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) (right to counsel attaches at critical stages of felony proceeding); *State v. Carr*, 300 Kan. 1, 233-34, 331 P.3d 544 (2014) (right to counsel under K.S.A. 22-4503 not greater than constitutional right to counsel at critical stage of proceedings), *rev. and remanded* 577 U.S. ___, 136 S. Ct. 633, 193 L. Ed. 2d 535 (2016). Accordingly, we order that Guilbeaux be appointed counsel to assist him in presenting his motion to dismiss to the district court and that he be allowed to be personally present at such hearing. See K.S.A. 2017 Supp. 22-3208(7) (defendant has right to be present at any hearing on motion to dismiss).

Because we have ordered that an evidentiary hearing be held on Guilbeaux's motion and that Guilbeaux be appointed counsel with the right to be personally present if he wishes, the other issues raised by Guilbeaux in his appeal are moot. In particular, we need not resolve his claim that cancellation of his first 180-day writ request was coerced due to the prison's unlawful demand for a certified mailing fee of $11.50 because if his second 180-day writ request was properly invoked, the delay after the second request far exceeded the 180-day UMDDA time limit. We do note, however, that another panel of

15

our court has held that a prison lacks the authority to impose such a fee. See *State v. Lomon*, No. 116,497, 2017 WL 1535229, at *4 (Kan. App. 2017) (unpublished opinion) ("[T]here is no statutory authority in the UMDDA requiring the payment of any fee to pursue a 180-day writ.").

Reversed and remanded with directions.